UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY VOLOVSKI, EXECUTRIX OF THE ESTATE OF RUTH HOBART, <br>　　　　Plaintiff, <br><br>v. <br><br>RIVER RIDGE ASSISTED LIVING and/or its agents/apparent agents/servants/employees and/or BENCHMARK SENIOR LIVING, LLC and/or its agents/apparent agents/servants/employees and/or BENCHMARK ASSISTED LIVING, LLC and/or its agents/apparent agents/servants/employees and/or BAL AVON, LLC and/or its agents/apparent agents/servants/employees and/or B-X AVON, LLC and/or its agents/apparent agents/servants/employees and/or A&B HOMEHEALTH SOLUTIONS, LLC and/or its agents/apparent agents/servants/employees and/or EXCELLA HOMECARE, LLC and/or its agents/apparent agents/servants/employees and/or EXCELLA HEALTHCARE, INC. and/or its agents/apparent agents/servants/ employees. <br>　　　　Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO: <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>MARCH 21, 2014 |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, 28 U.S.C. 1441 AND 1446

Defendant, Benchmark Assisted Living, LLC, pursuant to 28 U.S.C. §1446 hereby files

this Notice of Removal to the United States District Court for the District of Connecticut of the

1

1187927v1

civil action now pending in the Superior Court Department for the State of Connecticut, Judicial District of Hartford.  The defendant states:

1.      This action was filed in the Judicial District of Stamford/Norwalk on February 27, 2014.  The summons and complaint was served on Benchmark on February 28, 2014.

2.      In her complaint, the plaintiff alleges that her decedent suffered injuries while a resident of the assisted living facility allegedly operated by the defendant.  The plaintiff alleges that her decedent suffered a fracture resulting in permanent damage that disabled her until the time she died.  The decedent was a resident of the Town of Avon, CT within the probate district of Simsbury, CT.

3.      Neither Benchmark Assisted Living, LLC nor any other defendant is a citizen of Connecticut.

4.      This suit is wholly civil in nature brought in a trial court in Hartford, Connecticut, and, accordingly, under 28 U.S.C. §§101 and 1441(a), the United States District Court for the District of Connecticut is the proper forum for removal.

5.      If the plaintiffs' averments are to be believed, then the matter in dispute exceeds Seventy-Five thousand dollars ($75,000.00), exclusive of interest and costs.

6.      A copy of all process, pleadings and orders provided to the defendant is filed with and attached to this notice.  (The Summons and Complaint as Exhibit A).

7.      Defendant, Benchmark Assisted Living, LLC will give written notice of this filing to all adverse parties by mailing a copy of it to plaintiff's counsel, as shown on the certificate of service.

2

1187927v1

8.      Defendant, Benchmark Assisted Living, LLC will file a copy of this notice with the Clerk of the Judicial District of Hartford by mailing a copy as shown on the certificate of service.

9.      This notice is filed within thirty (30) days of notice of the suit, within thirty days of the date this action became removable, and within the time for filing this notice.  See 28 U.S.C. §1446.

10.     Pursuant to the Standing Order of this Court, the defendant will file within five days the signed statement providing information required in diversity cases.

WHEREFORE, Defendant, Benchmark Assisted Living, LLC prays that the above action now pending in the Judicial District for Hartford of the State of Connecticut, be removed from that Court to this United States District Court.

THE DEFENDANT,
BENCHMARK ASSISTED LIVING, LLC


BY:   /s/ Ginal M. Hall
        Gina M. Hall , Esq.
        Federal Bar No.: CT26885
        Morrison Mahoney LLP
        One Constitution Plaza, 10th floor
        Hartford, CT 06103
        Telephone: (860) 616-4441
        Fax: (860) 541-4862
        E-Mail: ghall@morrisonmahoney.com

3

1187927v1

## **CERTIFICATION**

I hereby certify that a copy of the foregoing document was mailed U.S. mail, to the

following parties of record postage prepaid this 21st day of March, 2014 as follows:

Michael D'Amico, Esq.
D'Amico, Griffin & Pettinicchi, LLC
465 Straits Turnpike
P.O. Box 670
Watertown, CT  06795
T: (860) 945-6600
*Counsel for Plaintiff*


                                          /s/Gina M. Hall
                                        Gina M. Hall (ct26885)

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

1187927v1

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**See page 2 for instructions**

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | **TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |
| ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| ☐ "X" if claiming other relief in addition to or in lieu of money or damages. | |

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Wasthington Street, Hartford, CT 06103 | ( 860 ) 548-2700 | April 15, 2014 |
| | | Month    Day    Year |

| ☒ Judicial District | G.A. | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| ☐ Housing Session | ☐ Number: | Hartford | Major: T    Minor: 28 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| D'Amico, Griffin & Pettnicchi, 465 Straits Turnpike, Watertown, CT 06795 | 401986 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| ( 860 ) 945-6600 | |

| Number of Plaintiffs: 1 | Number of Defendants: 8 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|---|
| First Plaintiff | Name: Address: | Volovski, Nancy, Executrix of the Estate of Ruth Hobart 66 Lawton Road, Canton, CT 06019 | P-01 |
| Additional Plaintiff | Name: Address: | | P-02 |
| First Defendant | Name: Address: | River Ridge Assisted Living 101 Bickford Extension, Avon, CT 06001 | D-50 |
| Additional Defendant | Name: Address: | Benchmark Senior Living, LLC, c/o Agent for Service: Corporation Service Company, 50 Weston Street, Hartford, CT | D-51 |
| Additional Defendant | Name: Address: | Benchmark Assisted Living, LLC, 101 Bickford Extension, Avon, CT 06001 | D-52 |
| Additional Defendant | Name: Address: | BAL Avon, LLC, c/o Agent for Service:, Corporation Service Company, 50 Weston Street, Hartford, CT | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left Christine Norton | Date signed 02/27/2014 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 | | |
|---|---|---|
| Christine Norton, 465 Straits Turnpike, Watertown, CT 06795 | | |

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date 02/27/2014 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

<div style="float:left; writing-mode:vertical">D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW<br>465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795<br>Phone 860.945.6600 • Juris # 401986</div>

RETURN DATE: APRIL 15, 2014    :    SUPERIOR COURT

NANCY VOLOVSKI, EXECUTRIX OF
THE ESTATE OF RUTH HOBART

                                         J.D. OF HARTFORD

VS.                              :    AT HARTFORD

RIVER RIDGE ASSISTED LIVING and/or
its agents/apparent agents/servants/employees
and/or BENCHMARK SENIOR LIVING, LLC
and/or its agents/apparent agents/servants/employees
and/or BENCHMARK ASSISTED LIVING, LLC
and/or its agents/apparent agents/servants/employees
and/or BAL AVON, LLC
and/or its agents/apparent agents/servants/employees
and/or B-X AVON, LLC
and/or its agents/apparent agents/servants/employees
and/or A& B HOMEHEALTH SOLUTIONS, LLC
and/or its agents/apparent agents/servants/employees
and/or EXCELLA HOMECARE, LLC
and/or its agents/apparent agents/servants/employees
and/or EXCELLA HEALTHCARE, INC.
and/or its agents/apparent agents/servants/employees :    FEBRUARY 27, 2014

## COMPLAINT

**First Count:**(As against the defendant, RIVER RIDGE ASSISTED LIVING and/or
its agents/apparent agents/servants/employees and/or BENCHMARK SENIOR
LIVING, LLC and/or its agents/apparent agents/servants/employees and/or
BENCHMARK ASSISTED LIVING, LLC and/or its agents/apparent
agents/servants/employees and/or BAL AVON, LLC and/or its agents/apparent
agents/servants/employees and/or B-X AVON, LLC and/or its agents/apparent
agents/servants/employees) – Medical Negligence

1.    Ruth Hobart, the deceased, died testate on December 1, 2011, a resident of the

       town of Avon, within the probate district of Simsbury, and the probate court

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

appointed the Plaintiff Executor of the deceased's Estate, and the Plaintiff is duly qualified as such Executor and is now acting as such.

2. On December 1, 2011 and prior thereto the defendants, RIVER RIDGE ASSISTED LIVING and/or its agents/apparent agents/servants/employees and/or BENCHMARK SENIOR LIVING, LLC and/or its agents/apparent agents/servants/employees and/or BENCHMARK ASSISTED LIVING, LLC and/or its agents/apparent agents/servants/employees and/or BAL AVON, LLC and/or its agents/apparent agents/servants/employees and/or B-X AVON, LLC and/or its agents/apparent agents/servants/employees (hereinafter collectively called "River Ridge") maintained and operated an assisted living facility in the town of Avon known as River Ridge at Avon and charged patients admitted thereto money for the services, facilities, supervision, assistance and care furnished by it.

3. On said date, the defendants River Ridge engaged, agreed, understood and held itself out to the Plaintiff's decedent and the general public as having at its disposal and being ready, willing and able to provide for the patients received and accepted by it in its assisted living facility all reasonably necessary, fit and proper personnel, nurses, aides, facilities, apparatus, appliances and surroundings for their care and treatment.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

4. On June 1, 2010, the Plaintiff's decedent was admitted, received and accepted as a patient and resident by the defendants River Ridge and continued to reside River Ridge until October 28, 2011.

5. At the time of her admission and thereafter, the defendants River Ridge and its agents/apparent agents/servants/employees had knowledge that the Ruth Hobart was legally blind with hearing loss; was suffering from memory loss and mild cognitive impairments; diabetes; hypertension; arthritis and osteoporosis.

6. On August 5, 2011 Ruth Hobart suffered an unwitnessed fall in her assisted living apartment and sustained a fracture at the left superior pubic ramis extending into the pubis. She was taken to Saint Francis Hospital and evaluated. An orthopedic consultation recommended no operative intervention and weight bearing as tolerated on both legs. She was transferred to Apple Rehab of Avon for short term inpatient rehabilitation on August 9, 2011 where she remained until September 9, 2011.

7. As per her River Ridge Personal Service Plan Assessment dated August 31, 2011 (but signed by a River Ridge registered nurse on September 27, 2011) Ruth Hobart was identified as "chronic but stable." She was noted to require total assistance with bathing and was to be provided with a shower three times a week. She was noted to have moderate cognitive impairment with more significant memory loss; required physical assistance with every meal to maintain proper hydration and nutrition; total assistance with dressing and hygiene; physical

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

assistance with transfers, walking with her walker, and propelling her in her wheelchair. She required intermittent nursing assessment/evaluation and professional administration of medications. She was to receive skilled home care from Excella Homecare. Ruth Hobart required River Ridge RCA (Resident Care Associate) observations of health three times a day, every day and communication to the nurse of any specific issues. Instructions to the RCA staff under Observations were "RCA observations to be reported to nurse: any falls/injuries; changes in physical status, gait, skin, edema, c/o pain, c/o dizziness, short of breath, chest pain or bleeding, refusal of meds, meals, decreased participation in activities." Instructions were "Ruth does not usually refuse services. Report changes to Nurse."

8. The Interagency Patient Referral Report and Interdisciplinary Discharge Form completed by Apple Rehab of Avon on September 8, 2011 identified that Ruth Hobart was pleasant, alert and oriented; could ambulate with a walker and supervision; could stand independently with a walker; was continent of bladder and bowel; required assistance with feeding and her appetite and fluid intake was good; Ruth Hobart had intact skin; and a referral was made to Excella Homecare for continued patient services at River Ridge.

9. Ruth Hobart returned to River Ridge on September 8, 2011 and moved into an apartment in The Harbor section of River Ridge where she began receiving Harbor Level III and Medication Management Level II level of services. As per

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

the Connecticut Harbor Program Disclosure Statement River Ridge at Avon,

Harbor Level III was "designed for Harbor residents whose care needs require a

substantial amount of physical assistance with several activities of daily living,

and who generally exhibit severe cognitive impairment and/or associated

behaviors. Residents requiring the assistance of two Benchmark associates for

transfers on an ongoing basis are included in this plan."

10. The Home Health Certification and Plan of Care form dated September 7, 2011

identified Excella as the home health care provider and identified a start of care

date of September 9, 2011. This document was signed by a physician and

identified that Ruth Hobart was to be provided with skilled nursing care two to

three times a week and on as an as needed basis. She was noted to have dementia,

hypertension, osteoarthritis, unsteady gait, vision and hearing loss, and was status

post pelvic fracture. The document identified that Excella was to provide "Skilled

Observation & Assessment of cardiovascular status, edema, GU status, mental

status, nutrition/hydration, peripheral circulation, range of motion, signs and

symptoms of a UTI, safety, strength, vital signs. Teach integument disease

process, management of urinary incontinence, skin and foot care." The Clinical

Summary stated in part, "Ambulates with walker and assist at all times. Skin is

dry/warm, no open areas noted. Right ankle edema 2+ pitting, left ankle edema 1+

pitting edema…Appetite good, can feed self with meal set up. Instructed to

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

increase fluids… Instructed ALF staff safety measures, prevent falls, 24 hour

supervision. Instructed diet, fluids, nutrition."

11. On September 9, 2011 a Benchmark Assisted Living Form entitled Memorandum

of Understanding was executed by Excella Homecare and River Ridge wherein

Excella agreed to be the primary agency for the provision of physical therapy

services and River Ridge agreed to provide "reports on the resident's condition,

progress and/or changes in medical orders or any other pertinent information." On

September 10, 2011 a Benchmark Assisted Living Form entitled Memorandum of

Understanding was executed by Excella Homecare and River Ridge wherein

Excella agreed to be the primary agency for the provision of occupational therapy

services. No such Memorandum of Understanding was executed regarding the

provision of skilled nursing care.

12. The Excella Outcome and Assessment Information Set dated September 9, 2011

identified that Ruth Hobart was considered "likely to return to being stable

without heightened risk(s) for serious complications and death (beyond those

typical of the patient's age)." The Integumentary Status section identified that a

detailed integumentary assessment was indicated and identified that Ruth Hobart

was "unable to care for self" and that the assisted living facility staff "assists with

skin care/hygiene." She was noted to "understand only basic conversations or

simple direct phrases. Frequently requires cues to understand." She was noted to

have "severe difficulty expressing basic ideas or needs and required maximal

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

assistance or guessing by the listener. Speech limited to single words or short phrases." She was noted to have impaired decision making. She was noted to not have any wounds or pressure ulcers and her skin was intact. She was deemed at risk of developing pressure ulcers. She was noted as depending "entirely on another person to dress the upper body," and depending "entirely on another person to dress the lower body."

13. The Excella PT Clinical Note dated September 20, 2011 identified swollen bilateral lower extremities. The River Ridge Progress Notes dated September 20, 2011 identify Ruth Hobart's family's concern about the effectiveness of pain medications.

14. On September 24, 2011 the River Ridge Progress Notes identify that Ruth Hobart's right foot and ankle were swollen; that she was complaining of bilateral hip pain; and that she had begun to bite and pick at her lower lip. The licensed practical nurse (LPN) did not document any further assessment, examination, or evaluation of Ruth Hobart's complaints of pain, skin integrity, or other symptoms and did not document any notification to a physician, registered nurse, or nurse supervisor.

15. Excella provided skilled nursing services on September 24, 2011 and the note identified 2++ right ankle pitting edema and 1++ left ankle pitting edema; complaints of pain interfering with mobility; less than adequate fluid intake; dry mucous membranes; skin turgor was < 4 seconds; dry lips; and her skin was dry

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. ∘ ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 ∘ Juris # 401986

and flaky. The nurse noted that Ruth Hobart needed to be offered more fluids and the nurse instructed the assisted living facility staff on this issue.

16. The Excella PT Clinical Note dated September 26, 2011 identified that Ruth Hobart "currently presents with mod R low back and leg pain expressed verbal and nonverbally with any movements of trunk, legs, weight bearing for all transfers with min gait tolerance. She continues with LE weakness also 2' to R LE pain with overall decrease in function." On September 28, 2011 The Excella PT Clinical Note identified that Ruth Hobart was making progress with slight increase in gait tolerance "though still quite painful." A chest x-ray taken that day revealed "very slight right lower lobe atelectasis."

17. On September 29, 2011 all RCA were instructed to sign a document entitled "Important Information on Ruth Hobart" wherein the RCA staff were instructed that Ruth Hobart could wear knee socks; should drink mild with every meal; should be ambulated every hour; should not be sitting for long periods; and ambulate to the bathroom. The RCA staff was instructed to notify a nurse if Ruth displayed "any symptoms of cold or other things that require a nurse's attention." This document has numerous signatures located at the bottom. The Medication Administration Record documents an entry on September 29, 2011 for the administration of Avalox daily for seven days.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

18. On September 30, 2011 Ruth Hobart fell and was taken to Saint Francis Hospital where she was examined, evaluated, and diagnosed with a closed head injury and hip contusion. She was returned back to River Ridge later that day.

19. On September 30, 2011 River Ridge completed a Resident Assessment & Re-Assessment Form which noted no shortness of breath, no chest pain, and no edema. Under the Integument examination, the registered nurse wrote "Skin warm dry intact." She was noted to be able to ambulate with an assistive device without problems and was noted to be able to maintain her balance as required. The Medication Administration Record documents an entry on September 30, 2011 for Percocet to be administered twice daily at 12:00 p.m. and 8:00 p.m.

20. On October 3, 2011 a River Ridge LPN (licensed practical nurse) noted "Resident complained of pain when asked about pain and where it was resident stated she had no pain," but the LPN administered Percocet after which Ruth Hobart no longer complained of pain. The nurse did not document any further assessment, examination, or evaluation of Ruth Hobart's complaints of pain, skin integrity, or other symptoms and did not document any notification to a physician, registered nurse, or nurse supervisor.

21. As per the Medication Administration Record for October 2011 Ruth Hobart received Percocet 5/325 mg three times daily almost every day commencing October 3, 2011 to October 11, 2011. There are no River Ridge licensed nursing progress notes between October 3, 2011 and October 11, 2011 which document

any further assessment, examination or evaluation of Ruth Hobart's complaints of pain, skin integrity, or other symptoms. There are no River Ridge licensed nursing progress notes between October 3, 2011 and October 11, 2011 which document any notification to physician, registered nurse, or nurse supervisor regarding Ruth Hobart's complaints of pain, skin integrity, or other symptoms.

22. The Excella PT Clinical Note dated October 4, 2011 identifies "Extensive amount of time to ambulate distance with frequent stops, step to gait with L first with pt verbalizing symptoms each step. Pt points to lat R buttocks pain today. Pt began trembling after 15 ft no further gait attempted...Denise RN at facility was contacted RE Pt on Percocet, Dr. Tillman does not want to change meds at this time."

23. Excella provided skilled nursing services to Ruth Hobart on October 4, 2011 and the note identified pitting edema in both ankles; that the River Ridge staff were instructed to elevate Ruth Hobart's lower extremities when sitting; that Ruth Hobart continues to moan in pain and noted "evidence of non-verbal pain present" despite the administration of Percocet but denies pain when asked location and that Ruth Hobart did not understand pain level instructions due to dementia. The nurse wrote that Ruth Hobart's nutrition was within normal limits and that her cardiovascular status was within normal limits. Under the Integumentary heading the nurse wrote "no problems noted." Under Wound heading the nurse wrote "no wounds at this time." The nurse instructed the "Caregiver" to elevate Ruth

D'AMICO, GRIFFIN & PETTINICCHI, LLC. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

Hobart's lower extremities when sitting and let her rest in bed two times a day.

The "Caregiver" verbalized understanding.  The nurse did not identify any further

assessment, examination or evaluation of Ruth Hobart's complaints of pain, skin

integrity, or other symptoms, and did not identify any notification to a physician.

24. On October 5, 2011 the Excella PT Clinical Note identified "Pt cont to verbalize

discomfort with every step, unable to locate pain when asked. Pt initiated

occasional step-through gait, otherwise cont with step-to gait with L first." The

Excella OT Clinical Note dated October 5, 2011 identified that Ruth Hobart was

verbalizing pain and discomfort; was confused; and had difficulty understanding

her caregivers and the therapist.  The note identified that the goal related to

shower seat transfers was no longer appropriate. The note identified that she

required maximum assist from caregivers for showering. The note identified that

the goal to tolerate 5-6 minutes of standing for activities of daily living was no

longer appropriate due to increased complaints of pain before and after pain

medication.

25. On October 7, 2011 the Excella PT Clinical Note identified continued complaints

of pain and that Ruth Hobart was noted to appear more anxious and confused.

Ruth Hobart was observed to be moaning in pain. When encouraged to get up and

ambulate, Ruth Hobart reported, "I just can't." The note identified that nursing

staff was notified of her complaints of pain.  On October 7, 2011 the Excella OT

Discipline Discharge Summary was completed and the reason for discharge was identified as "Pt not making progress – decline in ADL status, cognition."

26. On October 7, 2011 at 10 a.m. a River Ridge registered nurse wrote in the progress notes "D/C'ed from OT with Excella today." The nurse did not identify any further assessment, examination or evaluation of Ruth Hobart's complaints of pain, skin integrity, hydration or nutrition status, or other symptoms and did not identify any notification to the physician.

27. Excella provided skilled nursing services to Ruth Hobart on October 7, 2011 and the note identified increased anxiety and that Ruth Hobart had begun to pick at her face and lips, causing them to bleed on occasion; that she had no appetite and that she must be reminded/ encouraged to eat; that her skin was dry and flaky; that her mucous membranes were dry; that she had non-pitting edema at both her left and right ankles; and under the Skin Turgor heading the nurse wrote that Ruth Hobart had "tenting < 4 seconds." Under Nutrition she wrote that Ruth Hobart's fluid intake was adequate. Under the Cardiovascular Heading the nurse wrote "R Dorsalis pedal – palpable" and "L Dorsalis pedal -  palpable."  The nurse did not identify any further assessment, examination, or evaluation of Ruth Hobart's complaints of pain, skin integrity, or other symptoms and did not identify any notification to a physician.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

28. The PT Clinical Note dated October 11, 2011 identified that Ruth Hobart was frequently moaning in pain.  Ruth Hobart was noted to take very short steps and reported she was unable to walk further, and "just couldn't walk again."

29. Excella provided skilled nursing services to Ruth Hobart on October 11, 2011 and the note identified that Ruth Hobart continued with increased anxiety and picking at her the skin on her face and lips; continued moaning; that she had pitting edema at her right ankle and non-pitting edema at her left ankle; that she was wearing support hose daily; that she required assistance with all meals and verbal cueing; under the Skin Integrity heading she had "tenting < 4" and under the Skin Texture heading the nurse wrote "reinforce good hydration." The nurse noted adequate fluid intake again.  The nurse noted that Ruth Hobart's skin was intact. The nurse noted a concern about the correct administration of Ruth Hobart's medications and noted the "Medication Manager cannot state medication purpose PRN medication…" The nurse did not identify any further assessment, examination or evaluation of Ruth Hobart's complaints of pain, skin integrity, or other symptoms and did not identify any notification to a physician.

30. At 10:00 a.m. on October 11, 2011 a River Ridge registered nurse wrote in the progress notes that she had spoken with Ruth Hobart's niece, "States the Percocet combined with Seroquel is making her sleepy. Want Percocet D/C'd and changed to Lyrica. Also having trouble with taking a long time chewing." The nurse documented that the physician was made aware and the plan was to write an order

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

for a swallowing evaluation, change to Lyrica 25 mg, and discontinue the Percocet.

31. On October 12, 2011 the medication administration record documents that Ruth Hobart received her first dose of Percocet at 12:00 p.m.

32. On October 12, 2011 a Physician Communication Form identified "Other Requests/Orders" to send Ruth Hobart to Saint Francis Hospital ED STAT with an "Indication: Chest Pain."

33. On October 12, 2011 Ruth Hobart arrived at Saint Francis Medical Center at around 2:00 p.m.  The emergency record documents that staff reported Ruth Hobart had been in the dining room and began to complain of "generalized pain all over."  Upon physical examination the emergency department record identified that Ruth Hobart had bilateral heel blisters; the left heel blister was identified as a large sized blister which was torn open, necrotic, with serous drainage leaking and right heel blister was intact and full of fluid. She was noted to be unable to walk due to pain in her left heel and recent hip fracture. Upon physical examination the emergency department record identified that Ruth Hobart had a red, swollen and firm area along part of her left face, scalp, neck and upper chest area which was warm and very tender to touch.  She was admitted to the Hospital and diagnosed with left parotitis and left face and neck cellulitis; lymphadenopathy; and infectious encephalopathy.  On October 13, 2011 she was noted to have a 6 cm x 9 cm unstageable open ulcer on her left heel and a 2.6 cm x 2 cm deep tissue

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

injury on her right heel. She received antibiotics for her left parotitis and her heel

ulcers never recovered. She was discharged to Hospice care on October 18, 2011

and passed away on December 1, 2011.

34. The defendant, River Ridge and/or its agents/apparent agents/servants/employees,

did not exercise the degree of care and skill which, in light of all relevant

surrounding circumstances, is recognized as acceptable and appropriate by

reasonably prudent similar health care providers in one or more of the following

ways:

   a) Failure to appropriately assess and respond to Ruth Hobart's complaints of

   pain;

   b) Failure to appropriately monitor and maintain Ruth Hobart's nutritional

   and hydration status;

   c) Failure to act promptly and appropriately when there was a change in Ruth

   Hobart's condition including the failure to update/revise her service

   program and care plan; the failure to notify a physician; the failure to

   transfer to a hospital; and the failure to refer to appropriate professional

   agencies;

   d) Failure to provide appropriate assisted living aide services for personal

   care activities including bathing, feeding, dressing, and grooming,

   ambulation, and transfer activities;

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

e) Failure to provide nursing services for health promotion and disease prevention;

f) Failure to provide therapy services to evaluate the patient's level of function and failure to develop an appropriate plan of care with revisions as necessary;

g) Failure to coordinate and manage all nursing, therapy, and assisted living aide services rendered to Ruth Hobart;

h) Failure to implement or delegate responsibility for the availability of nursing services on a twenty-four (24) hour basis;

i) Failure to appropriately supervise nursing personnel and assisted living aides in the delivery of nursing services and assistance with the provision of activities of daily living and medication management;

j) Failure to ensure that sufficient numbers of nursing personnel were available to meet the needs of Ruth Hobart at all times based on her service program;

k) Failure to ensure the evaluation of the clinical competence of assigned nursing personnel and assisted living aides;

l) Failure to develop and implement an appropriate and adequate interdisciplinary method of communication and coordination regarding the care and treatment of Ruth Hobart;

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

m)  Failure to clearly define the assignment of primary responsibility for Ruth
     Hobart's care and treatment;

n)  Failure to prevent, monitor, identify, and treat pressure ulcers and
     specifically on Ruth Hobart's heels from September 30, 2011 to October
     12, 2011;

o)  Failure to prevent, monitor, identify, and treat parotitis from September
     30, 2011 to October 12, 2011;

p)  In that the assisted living services agency was mismanaged because there
     was a failure to assure the Ruth Hobart would be protected from neglect;
     there was a failure to assure there would be staff trained and oriented to
     meet the needs of Ruth Hobart; there was a failure to assure that the
     agency would operate within the spirit of compliance with government
     regulations relative to Ruth Hobart's care.

q)  By violating Connecticut State Agency Regulation 19-13-D105(d)(4)(A)
     of the Public Health Code by failing to ensure the quality of services
     provided by the agency and the quality of care rendered to Ruth Hobart in
     that the assisted living aides provided care to Ruth Hobart during the
     months of September and October 2011 and in the 24 hours immediately
     preceding Ruth Hobart's hospitalization on October 12, 2011 but the aides
     did not notice any skin lesions over the heels and did not notice any
     evidence of an infectious process or skin lesion over Ruth Hobart's left

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

scalp, face, neck and chest; and failed to identify discussion of this in the
meeting minutes of its Quality Assurance Committee and/or its Governing
Authority.

r)   By violating Connecticut State Agency Regulation 19-13-D105(e)(5) of
the Public Health Code by failing to set forth the primary agency
responsible for Ruth Hobart in either a written contract or a written
memorandum of understanding between River Ridge and Excella
Homecare; failing to include a statement that clearly defined the
assignment of primary responsibility for the Ruth Hobart's care; failure to
include the methods of communication and coordination between agencies
to ensure that all information necessary for safe, coordinated care to Ruth
Hobart was accessible and available to all participating agencies; and by
failing to have an adequate communication system.

s)   By violating Connecticut State Agency Regulation 19-13-D105(g)(2)(A)
and (B) and (C) of the Public Health Code by failing to coordinate and
manage all nursing and assisted living aide services rendered to Ruth
Hobart by direct service staff under his or her supervision; by failing to
supervise assigned nursing personnel and assisted living aides in the
delivery of nursing services and assistance with the provision of activities
of daily living; and by failing to ensure the evaluation of the clinical
competence of assigned nursing personnel and assisted living aides;

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

t)   By violating Connecticut State Agency Regulation 19-13-D105(g)(2)(G) of the Public Health Code by failing to provide reports and/or communicate with the service coordinator regarding Ruth Hobart in that the assisted living aides provided care to Ruth Hobart during the months of September and October 2011 and in the 24 hours immediately preceding Ruth Hobart's hospitalization on October 12, 2011 but the aides did not notice any skin lesions over the heels and did not notice any evidence of an infectious process or skin lesions over Ruth Hobart's left scalp, face, neck and chest; and failed to identify discussion of this in the meeting minutes of its Quality Assurance Committee and/or its Governing Authority.

u)   By violating Connecticut State Agency Regulation 19-13-D105(h)(3) (C) and (D) and (G) and (I) and (J) of the Public Health Code by failing to assess and manage Ruth Hobart's complaints of pain, skin integrity, and other symptoms and by failing to take prompt action when she suffered a change in condition; by failing to update Ruth Hobart's service program and care plans; by failing to coordinate between the home care staff and the assisted living services agency staff to assess and manage Ruth Hobart's complaints of pain, skin integrity, and other symptoms; by failing to accurately and thoroughly assess Ruth Hobart's scalp, face, neck, chest, and heels for skin integrity; by failing to refer to appropriate professionals

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

or agencies including notifying her doctor; by failing to implement or
delegate responsibility for the availability of nursing services on a twenty-
four (24) hour basis; and by failing to provide adequate nursing services
for health promotion and disease prevention;

v)  By violating Connecticut State Agency Regulation 19-13-D105(h)(4)(A)
and (G) of the Public Health Code by failing to administer Percocet and
Seroquel to Ruth Hobart under the written order of a physician or health
care practitioner with applicable statutory authority; and by failing to
ensure that the client or his or her representative was aware of the client's
medication regime and able to make decisions regarding medication
administration;

w)  By violating Connecticut State Agency Regulation 19-13-D105(i)(3)(A)
and (B) of the Public Health Code by failing to assist Ruth Hobart with
personal care activities including bathing, oral hygiene, feeding, dressing,
toileting and grooming; and by failing to assist Ruth Hobart with
ambulation and transfer activities; and

x)  By violating Connecticut State Agency Regulation 19-13-D105(i)(5)(B) of
the Public Health Code by failing to provide adequate licensed nurse
supervision of the assisted living aides.

35. As a result of the negligence of these defendants and/or its agents/apparent agents/
servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

suffered left parotitis and/or a delay in diagnosis and treatment of left parotitis;

infectious encephalopathy; lymphadenopathy; bilateral heel ulcers from which she

never recovered; complete loss of mobility; emotional upset; pain and suffering;

neglect; and sequelae.

36. As a further result of the negligence of these defendants and/or its agents/apparent

agents/servants/employees as set forth above, the plaintiff's decedent incurred

expenses for medical and hospital care and medications, all to her financial loss.

37. As a result of the negligence of these defendants and/or its agents/apparent agents/

servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent

lost the capacity to enjoy her life.

38. As a further result of the negligence of these defendants and/or its agents/apparent

agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's

decedent was conscious of her pain and suffering.

**Second Count:(As against the defendant, RIVER RIDGE ASSISTED LIVING
and/or its agents/apparent agents/servants/employees and/or BENCHMARK
SENIOR LIVING, LLC and/or its agents/apparent agents/servants/employees
and/or BENCHMARK ASSISTED LIVING, LLC and/or its agents/apparent
agents/servants/employees and/or BAL AVON, LLC and/or its agents/apparent
agents/servants/employees and/or B-X AVON, LLC and/or its agents/apparent
agents/servants/employees) – Wrongful Death/ C.G.S. 52-555**

1 – 38. Paragraphs one through thirty-eight of the First Count are hereby made

paragraphs one through thirty-eight of the Second Count as if more fully set forth

herein.

39. As a further result of the negligence of these defendants and/or its agents/apparent agents/servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent suffered death on December 1, 2011.

40. As a further result of the negligence of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent incurred medical, hospital, funeral and burial expenses.

**Third Count: (As against the defendant, RIVER RIDGE ASSISTED LIVING and/or its agents/apparent agents/servants/employees and/or BENCHMARK SENIOR LIVING, LLC and/or its agents/apparent agents/servants/employees and/or BENCHMARK ASSISTED LIVING, LLC and/or its agents/apparent agents/servants/employees and/or BAL AVON, LLC and/or its agents/apparent agents/servants/employees and/or B-X AVON, LLC and/or its agents/apparent agents/servants/employees) – C.G.S. §19a-550 Patient's Bill of Rights/Punitive Damages**

1 – 33. Paragraphs one through thirty-three of the First Count are hereby made paragraphs one through thirty-three of this Third Count as if more fully set forth herein.

34. These defendants and/or its agents/apparent agents/servants/employees acted willfully and/or in reckless and/or wanton and/or outrageous disregard of the rights of Ruth Hobart in one or more of the following ways:

a) By violating C.G.S. §19a-550(b)(10) by failing to provide quality care and services to Ruth Hobart with reasonable accommodation for her individual needs in that the defendants failed to develop and implement an appropriate and adequate interdisciplinary method of communication and coordination

<div style="margin-left:-50px; writing-mode:vertical-rl;">D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW<br>465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795<br>Phone 860.945.6600 • Juris # 401986</div>

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

regarding the care and treatment of Ruth Hobart; and failed to clearly define

the assignment of primary responsibility for Ruth Hobart's care and treatment;

b)   By violating C.G.S. §19a-550(b)(10) by failing to provide quality care and

services to Ruth Hobart with reasonable accommodation for her individual

needs in that the defendants failed to coordinate and manage all nursing and

assisted living aide services rendered to Ruth Hobart by direct service staff;

failed to supervise assigned nursing personnel and assisted living aides in the

delivery of nursing services and assistance with the provision of activities of

daily living; and by failing to ensure the evaluation and clinical competence of

assigned nursing personnel and assisted living aides;

c)   By violating C.G.S. §19a-550(b)(10) by failing to provide quality care and

services to Ruth Hobart with reasonable accommodation for her individual

needs in that the assisted living aides and licensed nursing personnel provided

care to Ruth Hobart during the months of September 2011 and October 2011

and in the 24 hours immediately preceding Ruth Hobart's hospitalization on

October 12, 2011 but the aides and licensed nursing personnel did not notice

any skin lesions over the heels and did not notice any evidence of an

infectious process or skin lesions over Ruth Hobart's left scalp, face, neck and

chest; and did not act promptly and appropriately when there was a change in

Ruth Hobart's condition including the failure to update/revise her service

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

program and care plan; the failure to notify a physician; the failure to transfer

to a hospital; and the failure to refer to appropriate professional agencies.

35. As a result of the negligence of these defendants and/or its agents/apparent agents/

servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent

suffered left parotitis and/or a delay in diagnosis and treatment of left parotitis;

infectious encephalopathy; lymphadenopathy; bilateral heel ulcers from which she

never recovered; complete loss of mobility; emotional upset; pain and suffering;

neglect; and sequelae.

36. As a further result of the misconduct of these defendants and/or its

agents/apparent agents/servants/employees as set forth above, the plaintiff's

decedent incurred expenses for medical and hospital care and medications, all to

her financial loss.

37. As a result of the misconduct of these defendants and/or its agents/apparent

agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's

decedent lost the capacity to enjoy her life.

38. As a further result of the misconduct of these defendants and/or its

agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof,

the plaintiff's decedent was conscious of her pain and suffering.

39. The allegations of misconduct as set forth in paragraph 34 herein are in violation

of the Ruth Hobart's rights as per the Patient's Bill of Rights and as such this

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

defendant is liable for punitive damages as per Connecticut General Statute §19a-

550 Patient's Bill of Rights.

**Fourth Count: (As against the defendant, RIVER RIDGE ASSISTED LIVING
and/or its agents/apparent agents/servants/employees and/or BENCHMARK
SENIOR LIVING, LLC and/or its agents/apparent agents/servants/employees
and/or BENCHMARK ASSISTED LIVING, LLC and/or its agents/apparent
agents/servants/employees and/or BAL AVON, LLC and/or its agents/apparent
agents/servants/employees and/or B-X AVON, LLC and/or its agents/apparent
agents/servants/employees) – C.G.S. §19a-550 Patient's Bill of Rights/Punitive
Damages**

1 – 33. Paragraphs one through thirty-three of the First Count are hereby made

paragraphs one through thirty-three of this Fourth Count as if more fully set forth

herein.

34. The defendant and its agents/apparent agents/servants/employees acted willfully

and/or in reckless and/or wanton and/or outrageous disregard of the rights of Ruth

Hobart in one or more of the following ways:

a) By violating C.G.S. §19a-550(b)(10) by failing to provide quality care and

services to Ruth Hobart with reasonable accommodation for her individual

needs in that the defendants failed to develop and implement an appropriate

and adequate interdisciplinary method of communication and coordination

regarding the care and treatment of Ruth Hobart; and failed to clearly define

the assignment of primary responsibility for Ruth Hobart's care and treatment;

b) By violating C.G.S. §19a-550(b)(10) by failing to provide quality care and

services to Ruth Hobart with reasonable accommodation for her individual

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

needs in that the defendants failed to coordinate and manage all nursing and assisted living aide services rendered to Ruth Hobart by direct service staff; failed to supervise assigned nursing personnel and assisted living aides in the delivery of nursing services and assistance with the provision of activities of daily living; and by failing to ensure the evaluation and clinical competence of assigned nursing personnel and assisted living aides;

c) By violating C.G.S. §19a-550(b)(10) by failing to provide quality care and services to Ruth Hobart with reasonable accommodation for her individual needs in that the assisted living aides and licensed nursing personnel provided care to Ruth Hobart during the months of September 2011 and October 2011 and in the 24 hours immediately preceding Ruth Hobart's hospitalization on October 12, 2011 but the aides and licensed nursing personnel did not notice any skin lesions over the heels and did not notice any evidence of an infectious process or skin lesions over Ruth Hobart's left scalp, face, neck and chest; and did not act promptly and appropriately when there was a change in Ruth Hobart's condition including the failure to update/revise her service program and care plan; the failure to notify a physician; the failure to transfer to a hospital; and the failure to refer to appropriate professional agencies.

35. As a further result of the misconduct of these defendants and/or its agents/apparent agents/servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent suffered death on December 1, 2011.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

36. As a result of the negligence of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent suffered left parotitis and/or a delay in diagnosis and treatment of left parotitis; infectious encephalopathy; lymphadenopathy; bilateral heel ulcers from which she never recovered; complete loss of mobility; emotional upset; pain and suffering; neglect; and sequelae.

37. As a further result of the misconduct of these defendants and/or its agents/apparent agents/servants/employees as set forth above, the plaintiff's decedent incurred expenses for medical and hospital care and medications, all to her financial loss.

38. As a result of the misconduct of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent lost the capacity to enjoy her life.

39. As a further result of the misconduct of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent was conscious of her pain and suffering.

40. The allegations of misconduct alleged in foregoing paragraph herein are in violation of the Ruth Hobart's rights as per the Patient's Bill of Rights and as such this defendant is liable for punitive damages as per Connecticut General Statute §19a-550 Patient's Bill of Rights.

**Fifth Count: (As against the defendant, RIVER RIDGE ASSISTED LIVING and/or its agents/apparent agents/servants/employees and/or BENCHMARK SENIOR LIVING, LLC and/or its agents/apparent agents/servants/employees and/or BENCHMARK ASSISTED LIVING, LLC and/or its agents/apparent agents/servants/employees and/or BAL AVON, LLC and/or its agents/apparent agents/servants/employees and/or B-X AVON, LLC and/or its agents/apparent agents/servants/employees) – Punitive Damages**

1 – 33. Paragraphs one through thirty-three of the First Count are hereby made paragraphs one through thirty-three of this Fifth Count as if more fully set forth herein.

34. The defendants and its agents/apparent agents/ servants/employees acted willfully and/or in reckless and/or wanton and/or outrageous disregard of the rights of Ruth Hobart in one or more of the following ways:

  a. By failing to develop and implement an appropriate and adequate interdisciplinary method of communication and coordination regarding the care and treatment of Ruth Hobart; and failed to clearly define the assignment of primary responsibility for Ruth Hobart's care and treatment;

  b. By failing to coordinate and manage all nursing and assisted living aide services rendered to Ruth Hobart by direct service staff; failed to supervise assigned nursing personnel and assisted living aides in the delivery of nursing services and assistance with the provision of activities of daily living; and by failing to ensure the evaluation and clinical competence of assigned nursing personnel and assisted living aides;

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

    c.  In that the assisted living aides and licensed nursing personnel provided care to Ruth Hobart during the months of September 2011 and October 2011 and in the 24 hours immediately preceding Ruth Hobart's hospitalization on October 12, 2011 but the aides and licensed nursing personnel did not notice any skin lesions over the heels and did not notice any evidence of an infectious process or skin lesions over Ruth Hobart's left scalp, face, neck and chest; and did not act promptly and appropriately when there was a change in Ruth Hobart's condition including the failure to update/revise her service program and care plan; the failure to notify a physician; the failure to transfer to a hospital; and the failure to refer to appropriate professional agencies.

35. As a result of the negligence of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent suffered left parotitis and/or a delay in diagnosis and treatment of left parotitis; infectious encephalopathy; lymphadenopathy; bilateral heel ulcers from which she never recovered; complete loss of mobility; emotional upset; pain and suffering; neglect; and sequelae.

36. As a further result of the misconduct of these defendants and/or its agents/apparent agents/servants/employees as set forth above, the plaintiff's decedent incurred expenses for medical and hospital care and medications, all to her financial loss.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

37. As a result of the misconduct of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent lost the capacity to enjoy her life.

38. As a further result of the misconduct of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent was conscious of her pain and suffering.

39. The allegations of misconduct alleged in foregoing paragraph herein were outrageous and in willful and/or wanton and/or reckless disregard of Ruth Hobart's rights and as such this defendant is liable for punitive damages.

**Sixth Count: (As against the defendant, RIVER RIDGE ASSISTED LIVING and/or its agents/apparent agents/servants/employees and/or BENCHMARK SENIOR LIVING, LLC and/or its agents/apparent agents/servants/employees and/or BENCHMARK ASSISTED LIVING, LLC and/or its agents/apparent agents/servants/employees and/or BAL AVON, LLC and/or its agents/apparent agents/servants/employees and/or B-X AVON, LLC and/or its agents/apparent agents/servants/employees) – Wrongful Death C.G.S. 52-555/Punitive Damages**

1 – 33. Paragraphs one through thirty-three of the First Count are hereby made paragraphs one through thirty-three of this Sixth Count as if more fully set forth herein.

34. The defendants and its agents/apparent agents/ servants/employees acted willfully and/or in reckless and/or wanton and/or outrageous disregard of the rights of Ruth Hobart in one or more of the following ways:

    a. By failing to develop and implement an appropriate and adequate interdisciplinary method of communication and coordination regarding the

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW

465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795

Phone 860.945.6600 • Juris # 401986

care and treatment of Ruth Hobart; and failed to clearly define the assignment
of primary responsibility for Ruth Hobart's care and treatment;

b.  By failing to coordinate and manage all nursing and assisted living aide
services rendered to Ruth Hobart by direct service staff; failed to supervise
assigned nursing personnel and assisted living aides in the delivery of nursing
services and assistance with the provision of activities of daily living; and by
failing to ensure the evaluation and clinical competence of assigned nursing
personnel and assisted living aides;

c.  In that the assisted living aides and licensed nursing personnel provided care
to Ruth Hobart during the months of September 2011 and October 2011 and
in the 24 hours immediately preceding Ruth Hobart's hospitalization on
October 12, 2011 but the aides and licensed nursing personnel did not notice
any skin lesions over the heels and did not notice any evidence of an
infectious process or skin lesions over Ruth Hobart's left scalp, face, neck and
chest; and did not act promptly and appropriately when there was a change in
Ruth Hobart's condition including the failure to update/revise her service
program and care plan; the failure to notify a physician; the failure to transfer
to a hospital; and the failure to refer to appropriate professional agencies.

35. As a further result of the negligence of these defendants and/or its agents/apparent
agents/servants/employees as set forth in paragraph 34 hereof, the plaintiff's
decedent suffered death on December 1, 2011.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

36. As a result of the negligence of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent suffered left parotitis and/or a delay in diagnosis and treatment of left parotitis; infectious encephalopathy; lymphadenopathy; bilateral heel ulcers from which she never recovered; complete loss of mobility; emotional upset; pain and suffering; neglect; and sequelae.

37. As a further result of the misconduct of these defendants and/or its agents/apparent agents/servants/employees as set forth above, the plaintiff's decedent incurred expenses for medical and hospital care and medications, all to her financial loss.

38. As a result of the misconduct of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent lost the capacity to enjoy her life.

39. As a further result of the misconduct of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent was conscious of her pain and suffering.

40. The allegations of misconduct alleged in foregoing paragraph herein were outrageous and in willful and/or wanton and/or reckless disregard of Ruth Hobart's rights and as such this defendant is liable for punitive damages.

**Seventh Count :(As against the defendant A & B HOMEHEALTH SOLUTIONS, LLC and/or its agents/apparent agents/servants/employees; and/or EXCELLA HOMECARE, LLC; and/or its agents/apparent agents/servants/employees; and/or**

**EXCELLA HEALTHCARE, INC.; and/or its agents/apparent agents/apparent agents/ servants/employees) – Negligence**

1. Ruth Hobart, the deceased, died testate on December 1, 2011, a resident of the town of Hartford, within the probate district of Simsbury, and the probate court appointed the Plaintiff Executor of the deceased's Estate, and the Plaintiff is duly qualified as such Executor and is now acting as such.

2. On December 1, 2011 and prior thereto the defendants, defendant A & B HOMEHEALTH SOLUTIONS, LLC and/or its agents/apparent agents/apparent agents/ servants/employees; and/or EXCELLA HOMECARE, LLC; and/or its agents/apparent agents/servants/employees; and/or EXCELLA HEALTHCARE, INC.; and/or its agents/apparent agents/servants/employees (hereinafter collectively called "Excella") maintained and operated a home health care agency in the town of Rocky Hill and charged patients money for the services, facilities, supervision, assistance and care furnished by it.

3. On said dates, the defendants Excella engaged, agreed, understood and held itself out to the Plaintiff's decedent and the general public as having at its disposal and being ready, willing and able to provide for the patients received and accepted by it all reasonably necessary, fit and proper personnel, nurses, aides, facilities, apparatus, appliances and surroundings for their care and treatment.

4 – 33. Paragraphs four through thirty-three of the First Count are hereby made

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

paragraphs four through thirty-three of this Seventh Count as if more fully set forth herein.

34. The defendant, Excella and/or its agents/apparent agents/servants/employees, did not exercise the degree of care and skill which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers in one or more of the following ways:

   a) Failure to appropriately assess and respond to Ruth Hobart's complaints of pain;

   b) Failure to appropriately monitor and maintain Ruth Hobart's nutritional and hydration status;

   c) Failure to act promptly and appropriately when there was a change in Ruth Hobart's condition including the failure to update/revise her service program and care plan; the failure to notify a physician; the failure to transfer to a hospital; and the failure to refer to appropriate professional agencies;

   d) Failure to provide appropriate assisted living aide services for personal care activities including bathing, feeding, dressing, and grooming, ambulation, and transfer activities;

   e) Failure to provide nursing services for health promotion and disease prevention;

D'AMICO, GRIFFIN & PETTINICCHI, LLC. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

f)   Failure to provide therapy services to evaluate the patient's level of function and failure to develop an appropriate plan of care with revisions as necessary;

g)   Failure to coordinate and manage all nursing, therapy, and assisted living aide services rendered to Ruth Hobart;

h)   Failure to implement or delegate responsibility for the availability of nursing services on a twenty-four (24) hour basis;

i)   Failure to appropriately supervise nursing personnel and assisted living aides in the delivery of nursing services and assistance with the provision of activities of daily living and medication management;

j)   Failure to ensure that sufficient numbers of nursing personnel were available to meet the needs of Ruth Hobart at all times based on her service program;

k)   Failure to ensure the evaluation of the clinical competence of assigned nursing personnel and assisted living aides;

l)   Failure to develop and implement an appropriate and adequate interdisciplinary method of communication and coordination regarding the care and treatment of Ruth Hobart;

m)   Failure to clearly define the assignment of primary responsibility for Ruth Hobart's care and treatment;

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

n)  Failure to prevent, monitor, identify, and treat pressure ulcers and specifically on Ruth Hobart's heels from September 30, 2011 to October 12, 2011;

o)  Failure to prevent, monitor, identify, and treat parotitis from September 30, 2011 to October 12, 2011;

p)  In that the home health care agency was mismanaged because there was a failure to assure the Ruth Hobart would be protected from neglect; there was a failure to assure there would be staff trained and oriented to meet the needs of Ruth Hobart; there was a failure to assure that the agency would operate within the spirit of compliance with government regulations relative to Ruth Hobart's care.

q)  By violating Connecticut State Agency Regulation 19-13-D71(a)(2) and (c)(1) of the Public Health Code by failing to maintain personnel files, health records, and education records for its nurse aides;

r)  By violating Connecticut State Agency Regulation 19-13-D77(g)(2) of the Public Health Code by failing to complete a memorandum of understanding to delineate the responsibilities of each agency providing services;

s)  By violating Connecticut State Agency Regulation 19-13-D73(b) of the Public Health Code by failing to notify the physician of the alteration in the plan of care in that the physician orders for the period of September

2011 to October 2011 included skilled nursing visits 2 to 3 times a week and on an as needed basis and Excella failed to provide this service and did not notify the physician of this alteration in the schedule; and failed to notify the physician of a change in Ruth Hobart's condition when she exhibited increased symptoms of pain, discomfort, and weakness, especially with ambulation;

t)     By violating Connecticut State Agency Regulation 19-13-D69(a)(3)(C) and (D)  and (E) of the Public Health Code by failing to coordinate Ruth Hobart's services with River Ridge;  failing to provide regular evaluation of Ruth Hobart's progress, and prompt action when a change in her condition was noted and/or reported; by failing to assess Ruth Hobart's increased complaints of pain including verbal outcries and non-verbal symptoms which included limping with ambulation, leaning to the right, absent heel strikes, lower extremity weakness with overall decrease in function, and trembling with ambulation; and failing to assess Ruth Hobart's scalp, face, neck, chest, and heels for skin integrity; failing to accurately and thoroughly assess Ruth Hobart's scalp, face, neck, chest, and heels for skin integrity; failed to notify the physician of Ruth Hobart's increased complaints of pain; and failing to revise Ruth Hobart's care plan with additional home care services to address her needs;

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

u) By violating Connecticut State Agency Regulation 19-13-D69(d)(2) and (2)(J) and (K) of the Public Health Code by failing to maintain personnel files; and by failing to ensure that home health aide competency evaluations were provided by a licensed agency;

v) By violating Connecticut State Agency Regulation 19-13-D74(a)(1) and (b) of the Public Health Code by failing to reconcile Ruth Hobart's medications in that it inaccurately documented the correct dose of Seroquel and pain medications on the home care medication list;

w) By violating C.F.R. 484.12(c) by failing to comply with accepted professional standards and principles that apply to professionals furnishing services to Ruth Hobart in that it failed to maintain personnel files and education records in accordance with State regulations and failed to maintain health records in accordance with State regulations;

x) By violating C.F.R. 484.14(g) by failing to maintain liaison to ensure to that their efforts are coordinated effectively and support objectives outlined in the plan of care in that it failed to complete a memorandum of understanding to delineate the responsibilities of each agency providing services;

y) By violating C.F.R. 484.18 by failing to follow the written care plan established by Ruth Hobart's treating physician in that it changed the

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

frequency of visits and failed to notify her treating physician of the
alteration in the plan of care;

z) By violating C.F.R. 484.18(b) by failing to update Ruth Hobart's care plan
and promptly alert the physician to any changes that suggest a need to
alter the plan of care in that the home care staff failed to assess Ruth
Hobart's increased complaints of pain including verbal outcries and non-
verbal symptoms which included limping with ambulation, leaning to the
right, absent heel strikes, lower extremity weakness with overall decrease
in function, and trembling with ambulation; and failing to assess Ruth
Hobart's scalp, face, neck, chest, and heels for skin integrity; and failed to
notify the physician about Ruth Hobart's increased complaints of pain.

aa) By violating C.F.R. 484.30(a) when the registered nurse failed to regularly
re-evaluate Ruth Hobart's nursing needs and failed to update and/or revise
the plan of care when Ruth Hobart sustained repeated falls and required
hospitalization and Ruth Hobart had increased symptoms of pain in that
the registered nurse failed to assess Ruth Hobart's complaints of pain, and
failed to assess Ruth Hobart's scalp, face, neck, chest and heels for skin
integrity; and failed to notify and/or discuss Ruth Hobart's symptoms and
treatment with a physician; failed to accurately and thoroughly assess Ruth
Hobart's scalp, face, neck, chest, and heels for skin integrity; failed to
refer to appropriate specialist;

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

bb) By violating 484.36(b)(6) by failing to implement a competency evaluation program by failing to maintain personnel files; by failing to ensure that home health aide competency evaluations were provided by a licensed agency; and by failing to provide competent staff;

cc) By violating 484.36(d)(4)(ii) and (iii) by failing to provide supervisory visits at the minimum every two weeks; and by failing to ensure the competency of all home health aides;

dd) By violating 484.55(c) by failing to provide a comprehensive assessment of all medications that Ruth Hobart was taking in order to identify any potential adverse effects and drug interactions, including ineffective drug therapy, significant side effects, significant drug interactions, duplicate drug therapy, and noncompliance with drug therapy in that the Excella staff failed to accurately assess Ruth Hobart's Seroquel prescription and pain medications.

35. As a result of the negligence of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent suffered left parotitis and/or a delay in diagnosis and treatment of left parotitis; infectious encephalopathy; lymphadenopathy; bilateral heel ulcers from which she never recovered; complete loss of mobility; emotional upset; pain and suffering; neglect; and sequelae.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

36. As a further result of the negligence of these defendants and/or its agents/apparent agents/servants/employees as set forth above, the plaintiff's decedent incurred expenses for medical and hospital care and medications, all to her financial loss.

37. As a result of the negligence of these defendants and/or its agents/apparent agents/servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent lost the capacity to enjoy her life.

38. As a further result of the negligence of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 35 hereof, the plaintiff's decedent was conscious of her pain and suffering.

**Eighth Count: (As against the defendant A & B HOMEHEALTH SOLUTIONS, LLC and/or its agents/apparent agents/servants/employees; and/or EXCELLA HOMECARE, LLC; and/or its agents/apparent agents/servants/employees; and/or EXCELLA HEALTHCARE, INC.; and/or its agents/apparent agents/apparent agents/ servants/employees) – Wrongful Death/ C.G.S. 52-555**

1 – 38. Paragraphs one through thirty-eight of the Seventh Count are hereby made paragraphs one through thirty-eight of the Eighth Count as if more fully set forth herein.

39. As a further result of the negligence of these defendants and/or its agents/apparent agents/servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent suffered death on December 1, 2011.

40. As a further result of the negligence of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent incurred medical, hospital, funeral and burial expenses.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

**Ninth Count:** (**As against the defendant A & B HOMEHEALTH SOLUTIONS, LLC and/or its agents/apparent agents/servants/employees; and/or EXCELLA HOMECARE, LLC; and/or its agents/apparent agents/servants/employees; and/or EXCELLA HEALTHCARE, INC.; and/or its agents/apparent agents/apparent agents/ servants/employees) – Punitive Damages**

1 – 33. Paragraphs one through thirty-three of the Seventh Count are hereby made paragraphs one through thirty-three of this Ninth Count as if more fully set forth herein.

34. The defendants and its agents/apparent agents/ servants/employees acted willfully and/or in reckless and/or wanton and/or outrageous disregard of the rights of Ruth Hobart in one or more of the following ways:

a.   By failing to develop and implement an appropriate and adequate interdisciplinary method of communication and coordination regarding the care and treatment of Ruth Hobart; and failed to clearly define the assignment of primary responsibility for Ruth Hobart's care and treatment;

b.   By failing to coordinate and manage all nursing and assisted living aide services rendered to Ruth Hobart by direct service staff; failed to supervise assigned nursing personnel and assisted living aides in the delivery of nursing services and assistance with the provision of activities of daily living; and by failing to ensure the evaluation and the clinical competence of assigned nursing personnel and assisted living aides;

c.   In that the aides and licensed nursing personnel provided care to Ruth Hobart during the months of September 2011 and October 2011 and in the 24 hours

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

immediately preceding Ruth Hobart's hospitalization on October 12, 2011 but the aides and licensed nursing personnel did not notice any skin lesions over the heels and did not notice any evidence of an infectious process or skin lesions over Ruth Hobart's left scalp, face, neck and chest; and did not act promptly and appropriately when there was a change in Ruth Hobart's condition including the failure to update/revise her service program and care plan; the failure to notify a physician; the failure to transfer to a hospital; and the failure to refer to appropriate professional agencies.

35. As a result of the negligence of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent suffered left parotitis and/or a delay in diagnosis and treatment of left parotitis; infectious encephalopathy; lymphadenopathy; bilateral heel ulcers from which she never recovered; complete loss of mobility; emotional upset; pain and suffering; neglect; and sequelae.

36. As a further result of the misconduct of these defendants and/or its agents/apparent agents/servants/employees as set forth above, the plaintiff's decedent incurred expenses for medical and hospital care and medications, all to her financial loss.

37. As a result of the misconduct of these defendants and/or its agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent lost the capacity to enjoy her life.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

38. As a further result of the misconduct of these defendants and/or its

agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof,

the plaintiff's decedent was conscious of her pain and suffering.

39. The allegations of misconduct alleged in foregoing paragraph herein were

outrageous and in willful and/or wanton and/or reckless disregard of Ruth

Hobart's rights and as such this defendant is liable for punitive damages.

**Tenth Count: (As against the defendant A & B HOMEHEALTH SOLUTIONS,
LLC and/or its agents/apparent agents/servants/employees; and/or EXCELLA
HOMECARE, LLC; and/or its agents/apparent agents/servants/employees; and/or
EXCELLA HEALTHCARE, INC.; and/or its agents/apparent agents/apparent
agents/ servants/employees) – Wrongful Death C.G.S. 52-555/Punitive Damages**

1 – 33. Paragraphs one through thirty-three of the Seventh Count are hereby made

paragraphs one through thirty-three of this Tenth Count as if more fully set forth

herein.

34. The defendants and its agents/apparent agents/ servants/employees acted willfully

and/or in reckless and/or wanton and/or outrageous disregard of the rights of Ruth

Hobart in one or more of the following ways:

a. By failing to develop and implement an appropriate and adequate

interdisciplinary method of communication and coordination regarding the

care and treatment of Ruth Hobart; and failed to clearly define the assignment

of primary responsibility for Ruth Hobart's care and treatment;

b. By failing to coordinate and manage all nursing and assisted living aide

services rendered to Ruth Hobart by direct service staff; failed to supervise

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

assigned nursing personnel and assisted living aides in the delivery of nursing

services and assistance with the provision of activities of daily living; and by

failing to ensure the evaluation and the clinical competence of assigned

nursing personnel and assisted living aides;

c.   In that the aides and licensed nursing personnel provided care to Ruth Hobart

during the months of September 2011 and October 2011 and in the 24 hours

immediately preceding Ruth Hobart's hospitalization on October 12, 2011 but

the aides and licensed nursing personnel did not notice any skin lesions over

the heels and did not notice any evidence of an infectious process or skin

lesions over Ruth Hobart's left scalp, face, neck and chest; and did not act

promptly and appropriately when there was a change in Ruth Hobart's

condition including the failure to update/revise her service program and care

plan; the failure to notify a physician; the failure to transfer to a hospital; and

the failure to refer to appropriate professional agencies.

35. As a further result of the negligence of these defendants and/or its agents/apparent

agents/servants/employees as set forth in paragraph 34 hereof, the plaintiff's

decedent suffered death on December 1, 2011.

36. As a result of the negligence of these defendants and/or its agents/apparent agents/

servants/employees as set forth in paragraph 34 hereof, the plaintiff's decedent

suffered left parotitis and/or a delay in diagnosis and treatment of left parotitis;

infectious encephalopathy;  lymphadenopathy; bilateral heel ulcers from which

she never recovered; complete loss of mobility; emotional upset; pain and

suffering; neglect; and sequelae.

37. As a further result of the misconduct of these defendants and/or its

agents/apparent agents/servants/employees as set forth above, the plaintiff's

decedent incurred expenses for medical and hospital care and medications, all to

her financial loss.

38. As a result of the misconduct of these defendants and/or its agents/apparent

agents/ servants/employees as set forth in paragraph 34 hereof, the plaintiff's

decedent lost the capacity to enjoy her life.

39. As a further result of the misconduct of these defendants and/or its

agents/apparent agents/ servants/employees as set forth in paragraph 34 hereof,

the plaintiff's decedent was conscious of her pain and suffering.

40. The allegations of misconduct alleged in foregoing paragraph herein were

outrageous and in willful and/or wanton and/or reckless disregard of Ruth

Hobart's rights and as such this defendant is liable for punitive damages.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

WHEREFORE, the plaintiff claims:

1. Money damages;
2. Punitive damages as per C.G.S. 19a-550(e) as to the Third Count and Fourth Count
3. Punitive damages as the Fifth Count, Sixth Count, Ninth Count, and Tenth Count
4. Such other relief as this court may deem appropriate in law and/or equity.

The Plaintiff

By _____

Christine Norton, Her Attorney
Michael D'Amico, Esq.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

RETURN DATE: APRIL 15, 2014     :     SUPERIOR COURT

NANCY VOLOVSKI, EXECUTRIX OF
THE ESTATE OF RUTH HOBART

                                       J.D. OF HARTFORD

VS.                                  :     AT HARTFORD

RIVER RIDGE ASSISTED LIVING and/or
its agents/apparent agents/servants/employees
and/or BENCHMARK SENIOR LIVING, LLC
and/or its agents/apparent agents/servants/employees
and/or BENCHMARK ASSISTED LIVING, LLC
and/or its agents/apparent agents/servants/employees
and/or BAL AVON, LLC
and/or its agents/apparent agents/servants/employees
and/or B-X AVON, LLC
and/or its agents/apparent agents/servants/employees
and/or A& B HOMEHEALTH SOLUTIONS, LLC
and/or its agents/apparent agents/servants/employees
and/or EXCELLA HOMECARE, LLC
and/or its agents/apparent agents/servants/employees
and/or EXCELLA HEALTHCARE, INC.
and/or its agents/apparent agents/servants/employees :     FEBRUARY 27, 2014

### Statement of Amount in Demand

The amount, legal interest or property in demand is in excess of Fifteen Thousand

($15,000.00) Dollars, exclusive of interest and costs.

                               The Plaintiff

                               By
                               Christine Norton, Her Attorney
                               Michael D'Amico, Esq.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

RETURN DATE: APRIL 15, 2014     :    SUPERIOR COURT

NANCY VOLOVSKI, EXECUTRIX OF
THE ESTATE OF RUTH HOBART

       J.D. OF HARTFORD

VS.          :    AT HARTFORD

RIVER RIDGE ASSISTED LIVING and/or
its agents/apparent agents/servants/employees
and/or BENCHMARK SENIOR LIVING, LLC
and/or its agents/apparent agents/servants/employees
and/or BENCHMARK ASSISTED LIVING, LLC
and/or its agents/apparent agents/servants/employees
and/or BAL AVON, LLC
and/or its agents/apparent agents/servants/employees
and/or B-X AVON, LLC
and/or its agents/apparent agents/servants/employees
and/or A& B HOMEHEALTH SOLUTIONS, LLC
and/or its agents/apparent agents/servants/employees
and/or EXCELLA HOMECARE, LLC
and/or its agents/apparent agents/servants/employees
and/or EXCELLA HEALTHCARE, INC.
and/or its agents/apparent agents/servants/employees :     FEBRUARY 27, 2014

**<u>Certificate of Good Faith</u>**

I hereby certify that I have made reasonable inquiry, as permitted by the

circumstances, to determine whether there are grounds for a good faith belief that there

has been negligence in the care or treatment of the plaintiff's decedent. See attached

Opinion Letters. This inquiry has given rise to a good faith belief on my part that grounds

exist for an action against each named defendant.

The Plaintiff,

By _____
Christine Norton, Her Attorney
Michael D'Amico, Esq.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

## SIMILAR HEALTH CARE PROVIDER'S OPINION
### PURSUANT TO C.G.S. SECTION 52-190a

I am a licensed registered nurse and have served in the capacity of Director of Nursing for a geriatric population. I am familiar with the standard of care as it related to the provision of nursing care for the geriatric population in the years 2010 and 2011 in the United States and Connecticut.

I have reviewed the following documents:

1. Department of Public Health Report: Benchmark Assisted Living/Avon
2. Department of Public Health Report: Excella Homecare
3. River Ridge Service Agreement
4. Avon Health Service Agreement
5. Harbor Health Handbook
6. Harbor Program Disclosure
7. Excella Service Agreement
8. Excella Patient Orientation Handbook
9. Medical Records of Saint Francis Hospital 8/5/11 – 8/9/11
10. Medical Records of Saint Francis Hospital 9/30/11
11. Medical Records of Saint Francis Hospital 10/12/11 – 10/18/11
12. Order dated 10/17/11
13. Death Certificate
14. Photographs
15. Excella billing documents
16. River Ridge billing documents
17. Avon Health Center billing documents
18. McLean Hospice billing documents
19. Medical Records of River Ridge at Avon/Benchmark Assisted Living
20. Medical Records of Excella Homecare
21. Medical Records of Avon Health Center
22. Medical Records of McLean Hospice

Based upon my review of the above, it is my opinion that there appears to be evidence of medical negligence on the part of River Ridge/Benchmark Assisted Living/Avon and Excella Homecare and its agents/apparent agents/servants/employees, in the care and treatment of Ruth Hobart on or about September 2010 and thereafter. The basis for this opinion includes the following:

1. Failure to appropriately assess and respond to Ruth Hobart's complaints of pain;

2. Failure to appropriately monitor and maintain Ruth Hobart's nutritional and hydration status;

3. Failure to act promptly and appropriately when there was a change in Ruth Hobart's condition including the failure to update/revise her service program and care plan; the failure to notify a physician; the failure to transfer to a hospital; and the failure to refer to appropriate professional agencies;

4. Failure to provide appropriate assisted living aide services for personal care activities including bathing, feeding, dressing, and grooming, ambulation, and transfer activities;

5. Failure to provide nursing services for health promotion and disease prevention;

6. Failure to provide therapy services to evaluate the patient's level of function and failure to develop an appropriate plan of care with revisions as necessary;

7. Failure to coordinate and manage all nursing, therapy, and assisted living aide services rendered to Ruth Hobart;

8. Failure to implement or delegate responsibility for the availability of nursing services on a twenty-four (24) hour basis;

9. Failure to appropriately supervise nursing personnel and assisted living aides in the delivery of nursing services and assistance with the provision of activities of daily living and medication management;

10. Failure to ensure that sufficient numbers of nursing personnel were available to meet the needs of Ruth Hobart at all times based on her service program;

11. Failure to ensure the evaluation of the clinical competence of assigned nursing personnel and assisted living aides;

12. Failure to develop and implement an appropriate and adequate interdisciplinary method of communication and coordination regarding the care and treatment of Ruth Hobart;

13. Failure to clearly define the assignment of primary responsibility for Ruth Hobart's care and treatment;

14. Failure to prevent, monitor, identify, and treat pressure ulcers and specifically on Ruth Hobart's heels from September 30, 2011 to October 12, 2011;

15. Failure to prevent, monitor, identify, and treat parotitis from September 30, 2011 to October 12, 2011;

As a result of this negligence Ruth Hobart suffered a decline in her clinical condition, pressure ulcers on her heels, parotitis, and sequelae and that said negligence caused Ruth Hobart's death on December 1, 2011.

The opinion stated herein is based upon the information available to me at this time. Should other information and evidence become available, I reserve the right to supplement and/or amend this opinion.

<u>SIMILAR HEALTH CARE PROVIDER'S OPINION</u>
PURSUANT TO C.G.S. SECTION 52-190a

I am a board certified internist and I am familiar with the standard of care as it related to the practice of Internal Medicine in the year 2010 and 2011 in the United States and Connecticut.

I have reviewed the following documents:

1. Department of Public Health Report: Benchmark Assisted Living/Avon
2. Department of Public Health Report: Excella Homecare
3. River Ridge Service Agreement
4. Avon Health Service Agreement
5. Harbor Health Handbook
6. Harbor Program Disclosure
7. Excella Service Agreement
8. Excella Patient Orientation Handbook
9. Medical Records of Saint Francis Hospital 8/5/11 – 8/9/11
10. Medical Records of Saint Francis Hospital 9/30/11
11. Medical Records of Saint Francis Hospital 10/12/11 – 10/18/11
12. Order dated 10/17/11
13. Death Certificate
14. Photographs
15. Excella billing documents
16. River Ridge billing documents
17. Avon Health Center billing documents
18. McLean Hospice billing documents
19. Medical Records of River Ridge at Avon/Benchmark Assisted Living
20. Medical Records of Excella Homecare
21. Medical Records of Avon Health Center
22. Medical Records of McLean Hospice

Based upon my review of the above, it is my opinion that there appears to be evidence of medical negligence on the part of River Ridge/Benchmark Assisted Living/Avon and Excella Homecare and its agents/apparent agents/servants/employees, in the care and treatment of Ruth Hobart on or about September 2011 and thereafter. The basis for this opinion includes the following:

1. Failure develop and implement an appropriate and adequate interdisciplinary method of communication and coordination regarding the care and treatment of Ruth Hobart;

2. Failure to clearly define the assignment of primary responsibility for Ruth Hobart's care and treatment;

3. Failure to appropriately assess and respond to Ruth Hobart's complaints of pain;

4. Failure to act promptly and appropriately when there was a change in Ruth Hobart's condition including the failure to update/revise her service program and care plan; the failure to notify a physician; the failure to transfer to a hospital; and the failure to refer to appropriate professional agencies;

5. Failure to provide appropriate assisted living aide services for personal care activities including bathing, feeding, dressing, and grooming, ambulation, and transfer activities;

6. Failure to provide nursing services for health promotion and disease prevention;

7. Failure to provide appropriate therapy services including the failure to develop an appropriate plan of care with revisions as necessary;

8. Failure to coordinate and manage all nursing, therapy, and assisted living aide services rendered to Ruth Hobart;

9. Failure to appropriately supervise nursing personnel and assisted living aides in the delivery of nursing services and assistance with the provision of activities of daily living and medication management;

10. Failure to ensure the evaluation of the clinical competence of assigned nursing personnel and assisted living aides;

11. Failure to prevent, monitor, identify, and treat pressure ulcers and specifically on Ruth Hobart's heels from September 2011 to October 12, 2011; and

12. Failure to prevent, monitor, identify, and treat parotitis in October 2011.

As a result of this negligence Ruth Hobart suffered heel ulcers, parotitis and sequelae.

The opinion stated herein is based upon the information available to me at this time. Should other information and evidence become available, I reserve the right to supplement and/or amend this opinion.

D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986

| | | |
|---|---|---|
| NANCY VOLOVSKI, EXECUTRIX OF<br>THE ESTATE OF RUTH HOBART | : | SUPERIOR COURT |
| | | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |

RIVER RIDGE ASSISTED LIVING and/or
its agents/apparent agents/servants/employees
and/or BENCHMARK SENIOR LIVING, LLC
and/or its agents/apparent agents/servants/employees
and/or BENCHMARK ASSISTED LIVING, LLC
and/or its agents/apparent agents/servants/employees
and/or BAL AVON, LLC
and/or its agents/apparent agents/servants/employees
and/or B-X AVON, LLC
and/or its agents/apparent agents/servants/employees
and/or DANIEL CHILTON, M.D.
and/or his agents/apparent agents/servants/employees
and/or ELIZABETH TILLMAN, M.D.
and/or her agents/apparent agents/servants/employees
and/or JUSTIN GRADY
and/or his agents/apparent agents/servants/employees
and/or A& B HOMEHEALTH SOLUTIONS, LLC
and/or its agents/apparent agents/servants/employees
and/or EXCELLA HOMECARE, LLC
and/or its agents/apparent agents/servants/employees
and/or EXCELLA HEALTHCARE, INC.
and/or its agents/apparent agents/servants/employees :     JULY 25, 2013



## PETITION TO CLERK

Pursuant to Connecticut General Statutes Section 52-190a (b) the undersigned on

behalf of the plaintiffs hereby petitions for the AUTOMATIC ninety (90) day extension

of the Statute of Limitations for injuries, damages, and death suffered by the plaintiff's

decedent Ruth Hobart, of Avon, Connecticut, on or about December 1, 2011 and prior

thereto; to allow reasonable inquiry to determine that there are grounds for a good faith

belief that there has been negligence in the care and treatment of the plaintiff's decedent,

Ruth Hobart, by the defendants RIVER RIDGE ASSISTED LIVING and/or its

agents/apparent agents/servants/employees and/or BENCHMARK SENIOR LIVING,

LLC and/or its agents/apparent agents/servants/employees and/or BENCHMARK

ASSISTED LIVING, LLC and/or its agents/apparent agents/servants/employees and/or

BAL AVON, LLC and/or its agents/apparent agents/servants/employees and/or B-X

AVON, LLC and/or its agents/apparent agents/servants/employees and/or DANIEL

CHILTON, M.D. and/or his agents/apparent agents/servants/employees and/or

ELIZABETH TILLMAN, M.D. and/or her agents/apparent agents/servants/employees

and/or JUSTIN GRADY and/or his agents/apparent agents/servants/employees and/or

A& B HOMEHEALTH SOLUTIONS, LLC and/or its agents/apparent

agents/servants/employees and/or EXCELLA HOMECARE, LLC and/or its

agents/apparent agents/servants/employees and/or EXCELLA HEALTHCARE, INC.

and/or its agents/apparent agents/servants/employees and any other health care providers

that may have been involved in the care and treatment of Ruth Hobart.

<div style="text-align:right">

COUNSEL FOR THE PETITIONER,

BY _____
      Michael A. D'Amico, Esq.

</div>

<div style="writing-mode:vertical">
D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW
465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795
Phone 860.945.6600 • Juris # 401986
</div>

ORDER

The foregoing Petition having been presented to the Clerk of the Court pursuant to Connecticut General Statutes Section 52-190a (b), it is hereby ordered that the statute of limitations be extended for ninety (90) days.

Dated at _Hartford_ , Connecticut this _30_ day of _July_, 2013.

BY THE COURT

_Adam Bilevich_
~~Judge~~/Clerk

Page 3 of 3

*D'AMICO, GRIFFIN & PETTINICCHI, L.L.C. • ATTORNEYS AT LAW*
*465 Straits Turnpike, P.O. Box 670, Watertown, CT 06795*
*Phone 860.945.6600 • Juris # 401986*

DER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

River Ridge Assisted Living
101 Bickford Extension
Avon, CT 06001

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X L. Knist

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*          ☐ Yes

2. Article Number
   *(Transfer from service label)*      7012 2210 0002 3025 6133

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE



| First-Class Mail |
| Postage & Fees Paid |
| USPS |
| Permit No. G-10 |

• Sender: Please print your name, address, and ZIP+4® in this box•

D. F. HUBBS
P.O. BOX 637
SOUTHINGTON, CT 06489

NANCY VOLOVSKI,
EXECUTRIX OF THE ESTATE OF RUTH HOBART

VS

RIVER RIDGE ASSISTED LIVING, ET AL

## SUPPLEMENTAL RETURN

STATE OF CONNECTICUT}
                    } S.S. SOUTHINGTON               MARCH 8, 2014
COUNTY OF HARTFORD  }

       AT SAID SOUTHINGTON I DEPOSITED IN A U. S. POST OFFICE A LETTER,
CERTIFIED, POSTAGE PREPAID, RETURN RECEIPT REQUESTED, IN WHICH
LETTER CONTAINED A VERIFIED TRUE AND ATTESTED COPY OF THE
ORIGINAL LEGAL PROCESS IN THIS ACTION. AND ON THE ABOVE DATE
THE LETTER/RECEIPT HERETO ATTACHED WAS RETURNED TO ME.

                              ATTEST:

                              DAVID P HUBBS
                              CT STATE MARSHAL

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Benchmark Assisted Living, LLC
101 Bickford Extension
Avon, CT 06001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _L. Knight_  ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7012 2210 0002 3025 6126

PS Form 3811, July 2013        Domestic Return Receipt

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•.

D. F. HUBBS
P.O. BOX 637
SOUTHINGTON, CT 06489

NANCY VOLOVSKI,
EXECUTRIX OF THE ESTATE OF RUTH HOBART

VS

RIVER RIDGE ASSISTED LIVING, ET AL

### SUPPLEMENTAL RETURN

STATE OF CONNECTICUT}
                    } S.S. SOUTHINGTON                MARCH 8, 2014
COUNTY OF HARTFORD  }

     AT SAID SOUTHINGTON I DEPOSITED IN A U. S. POST OFFICE A LETTER,
CERTIFIED, POSTAGE PREPAID, RETURN RECEIPT REQUESTED, IN WHICH
LETTER CONTAINED A VERIFIED TRUE AND ATTESTED COPY OF THE
ORIGINAL LEGAL PROCESS IN THIS ACTION. AND ON THE ABOVE DATE
THE ~~LETTER~~/RECEIPT HERETO ATTACHED WAS RETURNED TO ME.

ATTEST:

DAVID F HUBBS
CT STATE MARSHAL

**DER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Excella Homecare, LLC
2080 Silas Deane Highway, 2nd floor
Rocky Hill, CT 06067

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   Richard          8/7/14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)

7012 2210 0002 3025 6119

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

D. F. HUBBS
P.O. BOX 637
SOUTHINGTON, CT 06489

NANCY VOLOVSKI,
EXECUTRIX OF THE ESTATE OF RUTH HOBART

VS

RIVER RIDGE ASSISTED LIVING, ET AL


SUPPLEMENTAL RETURN


STATE OF CONNECTICUT}
                    } S.S. SOUTHINGTON          MARCH 8, 2014
COUNTY OF HARTFORD  }


   AT SAID SOUTHINGTON I DEPOSITED IN A U. S. POST OFFICE A LETTER,
CERTIFIED, POSTAGE PREPAID, RETURN RECEIPT REQUESTED, IN WHICH
LETTER CONTAINED A VERIFIED TRUE AND ATTESTED COPY OF THE
ORIGINAL LEGAL PROCESS IN THIS ACTION. AND ON THE ABOVE DATE
THE LETTER/RECEIPT HERETO ATTACHED WAS RETURNED TO ME.


                              ATTEST:


                              DAVID F HUBBS
                              CT STATE MARSHAL

NANCY VOLOVSKI,
EXECUTRIX OF THE ESTATE OF RUTH HOBART


VS


RIVER RIDGE ASSISTED LIVING, ET AL


### AFFIDAVIT OF SERVICE


STATE OF CONNECTICUT}
                     } SS: SOUTHINGTON          MARCH 10, 2014
COUNTY OF HARTFORD  }


        THE UNDERSIGNED, BEING DULY SWORN, DEPOSES AND SAYS:

    1.  I AM A STATE MARSHAL FOR THE STATE OF CONNECTICUT.

    2.  ON FEBRUARY 27, 2014 THE SUMMONS AND COMPLAINT IN THE
        ABOVE ENTITLED ACTION WAS DELIVERED TO ME FOR SERVICE.

    3.  IN ACCORDANCE WITH CGS 52-593a, I MADE SERVICE UPON THE
        DEFENDANTS WITHIN 30 DAYS OF SAID RECEIPT OF SAID WRIT BY
        MARCH 6, 2014.


                            ATTEST:


                            DAVID F HUBBS
                            CT STATE MARSHAL


SUBSCRIBED AND SWORN TO BEFORE ME
ON THIS 10th DAY OF March , 2014

NOTARY PUBLIC
MY COMMISSION EXPIRES: JULY 31, 2016

**OFFICER'S RETURN**

STATE OF CONNECTICUT}
                    } S.S. HARTFORD          FEBRUARY 28, 2014
COUNTY OF HARTFORD  }


THEN AND BY VIRTUE HEREOF, AND AT THE DIRECTION OF THE PLAINTIFF'S ATTORNEY, ON FEBRUARY 28, 2014, I MADE DUE AND LEGAL SERVICE UPON THE WITHIN NAMED DEFENDANT, **BENCHMARK SENIOR LIVING, LLC,** BY LEAVING A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH, PETITION, ORDER AND NOTICES WITH AND IN THE HANDS OF MICHELE TAYLOR, AUTHORIZED TO ACCEPT SERVICE FOR CORPORATION SERVICE COMPANY, 50 WESTON STREET, REGISTERED AGENT FOR SERVICE FOR THE WITHIN NAMED DEFENDANT, IN THE SAID TOWN OF HARTFORD.

AND ALSO ON THE 28TH DAY OF FEBRUARY, 2014, I MADE DUE AND LEGAL SERVICE UPON THE WITHIN NAMED DEFENDANT, **BAL AVON, LLC,** BY LEAVING A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH, PETITION, ORDER AND NOTICES WITH AND IN THE HANDS OF MICHELE TAYLOR, AUTHORIZED TO ACCEPT SERVICE FOR CORPORATION SERVICE COMPANY, 50 WESTON STREET, REGISTERED AGENT FOR SERVICE FOR THE WITHIN NAMED DEFENDANT, IN THE SAID TOWN OF HARTFORD.

AND ALSO ON THE 28TH DAY OF FEBRUARY, 2014, I MADE DUE AND LEGAL SERVICE UPON THE WITHIN NAMED DEFENDANT, **B-X AVON, LLC,** BY LEAVING A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH, PETITION, ORDER AND NOTICES WITH AND IN THE HANDS OF MICHELE TAYLOR, AUTHORIZED TO ACCEPT SERVICE FOR CORPORATION SERVICE COMPANY, 50 WESTON STREET, REGISTERED AGENT FOR SERVICE FOR THE WITHIN NAMED DEFENDANT, IN THE SAID TOWN OF HARTFORD.

AND ALSO ON THE 28TH DAY OF FEBRUARY, 2014, I MADE DUE AND LEGAL SERVICE UPON THE WITHIN NAMED DEFENDANT, **EXCELLA HEALTHCARE, INC.,** BY LEAVING A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH, PETITION, ORDER AND NOTICES WITH AND IN THE HANDS OF JANET DELISSIO, PERSON IN CHARGE AT THE TIME OF SERVICE AND AUTHORIZED TO ACCEPT SERVICE FOR INCORP SERVICES, INC., 1622 MAIN STREET, REGISTERED AGENT FOR SERVICE FOR THE WITHIN NAMED · DEFENDANT, IN THE TOWN OF EAST HARTFORD.

AND ALSO ON THE 28TH DAY OF FEBRUARY, 2014, I MADE DUE AND LEGAL SERVICE UPON THE WITHIN NAMED DEFENDANT, **A & B HOME HEALTH SOLUTIONS, LLC,** BY LEAVING A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH, PETITION, ORDER AND NOTICES WITH AND IN THE HANDS OF JANET DELISSIO, PERSON IN CHARGE AT THE TIME OF SERVICE AND AUTHORIZED TO ACCEPT SERVICE FOR INCORP SERVICES, INC., 1622 MAIN STREET, REGISTERED AGENT FOR SERVICE FOR THE WITHIN NAMED DEFENDANT, IN THE TOWN OF EAST HARTFORD.

AND AFTERWARDS, ON THE 4TH DAY OF MARCH, 2014, AT THE SPECIAL DIRECTION OF THE PLAINTIFF'S ATTORNEY, I MADE DUE AND LEGAL SERVICE UPON THE WITHIN NAMED DEFENDANT, **RIVER RIDGE ASSISTED LIVING,** BY LEAVING A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH, PETITION, ORDER AND NOTICES WITH AND IN THE HANDS OF RANDY PHILLIPS, EXECUTIVE DIRECTOR, AUTHORIZED TO ACCEPT SERVICE FOR WITHIN NAMED DEFENDANT, IN THE TOWN OF AVON.

AND ALSO ON THE 4TH DAY OF MARCH, 2014, AT THE SPECIAL DIRECTION OF THE PLAINTIFF'S ATTORNEY, I MADE DUE AND LEGAL SERVICE UPON THE WITHIN NAMED DEFENDANT, **BENCHMARK ASSISTED LIVING LLC,** BY LEAVING A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH, PETITION, ORDER AND NOTICES WITH AND IN THE HANDS OF RANDY PHILLIPS, EXECUTIVE DIRECTOR, AUTHORIZED TO ACCEPT SERVICE FOR WITHIN NAMED DEFENDANT, IN THE TOWN OF AVON.

AND AFTERWARDS, ON THE 5TH DAY OF MARCH, 2014, AT THE SPECIAL DIRECTION OF THE PLAINTIFF'S ATTORNEY, I MADE DUE AND LEGAL SERVICE UPON THE WITHIN NAMED DEFENDANT, **EXCELLA HOMECARE, LLC,** BY LEAVING A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH, PETITION, ORDER AND NOTICES WITH AND IN THE HANDS OF CHRISTINA RINALDI, MHR, RN, ADMINISTRATOR, PERSON IN CHARGE AT THE TIME OF SERVICE, AUTHORIZED TO ACCEPT SERVICE FOR WITHIN NAMED DEFENDANT, IN THE TOWN OF ROCKY HILL. .

AND AFTERWARDS, I MADE DILIGENT SEARCH THROUGHOUT MY PRECINCTS TO LOCATE THE REGISTERED AGENT FOR SERVICE FOR RIVER RIDGE ASSISTED LIVING, BUT COULD NOT LOCATE THE SAID AGENT.

AND AFTERWARDS, I MADE DILIGENT SEARCH THROUGHOUT MY PRECINCTS TO LOCATE THE REGISTERED AGENT FOR SERVICE FOR BENCHMARK ASSISTED LIVING, LLC, BUT COULD NOT LOCATE THE SAID AGENT.

AND AFTERWARDS, I MADE DILIGENT SEARCH THROUGHOUT MY PRECINCTS TO LOCATE THE REGISTERED AGENT FOR SERVICE FOR EXCELLA HOMECARE, LLC, BUT COULD NOT LOCATE THE SAID AGENT.

AND AFTERWARDS, ON THE 5TH DAY OF MARCH, 2014, AT THE SPECIAL DIRECTION OF THE PLAINTIFF'S ATTORNEY, I MADE DUE AND LEGAL SERVICE UPON THE WITHIN NAMED DEFENDANT, **RIVER RIDGE ASSISTED LIVING,** PURSUANT TO CGS 34-105, BY LEAVING A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH, PETITION, ORDER AND NOTICES WITH AND IN THE HANDS OF THE CLERK IN CHARGE OF THE OFFICE OF DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, AT LEAST TWELVE DAYS BEFORE THE SESSION OF THE COURT TO WHICH THIS WRIT IS RETURNABLE. SAID SECRETARY OF THE STATE OF CONNECTICUT IS THE DULY AUTHORIZED AGENT AND ATTORNEY TO ACCEPT SERVICE FOR THE WITHIN NAMED DEFENDANT, IN THE TOWN OF HARTFORD.

AND ALSO ON THE 5TH DAY OF MARCH, 2014, AT THE SPECIAL DIRECTION OF THE PLAINTIFF'S ATTORNEY, I MADE DUE AND LEGAL SERVICE UPON THE WITHIN NAMED DEFENDANT, **BENCHMARK ASSISTED LIVING, LLC,** PURSUANT TO CGS 34-105, BY LEAVING A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH, PETITION, ORDER AND NOTICES WITH AND IN THE HANDS OF THE CLERK IN CHARGE OF THE OFFICE OF DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, AT LEAST TWELVE DAYS BEFORE THE SESSION OF THE COURT TO WHICH THIS WRIT IS RETURNABLE. SAID SECRETARY OF THE STATE OF CONNECTICUT IS THE DULY AUTHORIZED AGENT AND ATTORNEY TO ACCEPT SERVICE FOR THE WITHIN NAMED DEFENDANT, IN THE TOWN OF HARTFORD.

AND ALSO ON THE 5TH DAY OF MARCH, 2014, AT THE SPECIAL DIRECTION OF THE PLAINTIFF'S ATTORNEY, I MADE DUE AND LEGAL SERVICE UPON THE WITHIN NAMED DEFENDANT, **EXCELLA HOMECARE, LLC,** PURSUANT TO CGS 34-105, BY LEAVING A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH, PETITION, ORDER AND NOTICES WITH AND IN THE HANDS OF THE CLERK IN CHARGE OF THE OFFICE OF DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, AT LEAST TWELVE DAYS BEFORE THE SESSION OF THE COURT TO WHICH THIS WRIT IS RETURNABLE. SAID SECRETARY OF THE STATE OF CONNECTICUT IS THE DULY AUTHORIZED AGENT AND ATTORNEY TO ACCEPT SERVICE FOR THE WITHIN NAMED DEFENDANT, IN THE TOWN OF HARTFORD.

AND AFTERWARDS, ON THE 6TH DAY OF MARCH, 2014, I DEPOSITED IN
THE POST OFFICE IN SOUTHINGTON, POSTAGE PAID, CERTIFIED, RETURN
RECEIPT REQUESTED, A VERIFIED TRUE AND ATTESTED COPY OF THE
WITHIN ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH,
PETITION, ORDER AND NOTICES, WITH MY DOINGS THEREON ENDORSED,
ADDRESSED TO RIVER RIDGE ASSISTED LIVING, 101 BICKFORD
EXTENSION, AVON, CT

SUPPLEMENTAL RETURN TO FOLLOW

AND ALSO ON THE 6TH DAY OF MARCH, 2014, I DEPOSITED IN THE POST
OFFICE IN SOUTHINGTON, POSTAGE PAID, CERTIFIED, RETURN RECEIPT
REQUESTED, A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN
ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH,
PETITION, ORDER AND NOTICES, WITH MY DOINGS THEREON ENDORSED,
ADDRESSED TO BENCHMARK ASSISTED LIVING, LLC, 101 BICKFORD
EXTENSION, AVON, CT

SUPPLEMENTAL RETURN TO FOLLOW

AND ALSO ON THE 6TH DAY OF MARCH, 2014, I DEPOSITED IN THE POST
OFFICE IN SOUTHINGTON, POSTAGE PAID, CERTIFIED, RETURN RECEIPT
REQUESTED, A VERIFIED TRUE AND ATTESTED COPY OF THE WITHIN
ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE OF GOOD FAITH,
PETITION, ORDER AND NOTICES, WITH MY DOINGS THEREON ENDORSED,
ADDRESSED TO EXCELLA HOMECARE, LLC, 2080 SILAS DEANE HIGHWAY,
2ND FLOOR, ROCKY HILL, CT

SUPPLEMENTAL RETURN TO FOLLOW

THE WITHIN IS THE ORIGINAL SUMMONS, COMPLAINT, CERTIFICATE
OF GOOD FAITH, PETITION, ORDER AND NOTICES, WITH MY DOINGS
HEREON ENDORSED

| FEES | | |
|---|---|---|
| SERVICE | $ 210.00 | |
| TRAVEL | 78.00 | |
| ENDORSEMENT | 112.00 | |
| COPIES | 900.00 | |
| SEC OF STATE | 150.00 | |
| POSTAGE | 34.80 | |
| TOTAL | $1484.80 | |

ATTEST

DAVID E HUBBS
CT STATE MARSHAL

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2   Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**Volovski, Nancy, Executrix of the Estate of Ruth Hobart**

First named Defendant *(Last, First, Middle Initial)*
**River Ridge Assisted Living**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)*   Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
| **B-X Avon, LLC, c/o Agent for Service: Corporation Service Company, 50 Weston Street, Hartford, CT** | 05 |
| **A & B Home Health Solutions, LLC, c/o Agent for Service: Incorp Services, Inc., 1622 Main St., East Hartford, CT 06108** | 06 |
| **Excella Homecare, LLC, 2080 Silas Deane Hwy, 2nd Floor, Rocky Hill, CT 06067** | 07 |
| **Excella Healthcare, Inc., c/o Agent for Service: Incorp Services, Inc., 1622 Main St., East Hartford, CT 06108** | 08 |
| | 09 |
| | 10 |
| | 11 |

| | | *FOR COURT USE ONLY - File Date* |
|---|---|---|
| | 12 | |
| | 13 | |
| | 14 | Docket number |

**CIVIL SUMMONS-Continuation**

DOCKET NO.  HHD-CV14-6049473-S     :           SUPERIOR COURT
                                  :

NANCY VOLOVSKI, EXECUTRIX OF   :           J.D. OF HARTFORD
THE ESTATE OF RUTH HOBART    :
                                    :

V.                               :           AT HARTFORD
                                    :

RIVER RIDGE ASSISTED LIVING, ET AL:       MARCH 21, 2014

### NOTICE TO STATE COURT OF NOTICE OF REMOVAL TO FEDERAL COURT

Please take notice that on March 21, 2014, the above-captioned action has been removed to the United States District Court for the District of Connecticut pursuant to Title 28, United States Code, Sections 1332, 1441 and 1446.  A copy of said notice of removal is attached hereto in accordance with Title 28, United States Code, Section 144(d) as Exhibit A.

Furthermore, according to Title 28, United States Code, Section 1446(d), this notice hereby effectuates removal of this action thereby preventing any further action in the Superior court.

<div style="margin-left:50%;">

THE DEFENDANT,
BENCHMARK ASSISTED LIVING, LLC
By its attorneys,


Gina M.Hall  ct414750_____
Gina M. Hall, Esq.
MORRISON MAHONEY LLP
-Their Attorneys-

</div>

1

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1187926v1

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed U.S. mail, to the

following parties of record postage prepaid this 21st of March, 2014 as follows:


Michael D'Amico, Esq.
D'Amico, Griffin & Pettinicchi, LLC
465 Straits Turnpike
P.O. Box 670
Watertown, CT 06795
(860) 945-6600
Juris #401986


<div align="right">

 Gina Hall (ct414750) 
Gina M. Hall

</div>

2

1187926v1

# State of Connecticut Judicial Branch
# Civil and Family E-Services



---

**Attorney/Firm:** MORRISON MAHONEY LLP (404459)          **E-Mail:** AHILL@MAIL.MM-M.COM   Logout

<u>Hide Instructions</u>            **You have successfully e-filed!**

Additional information about this transaction is provided below. Use the browser's print function to print a copy of this Confirmation. Then, select the "Back to E-Filing Menu" or "Logout".

Print This Page

**Confirmation of E-filed Transaction  (print this page for your records)**

| | |
|---|---|
| **Docket Number:** | <u>HHD-CV-14-6049473-S</u> |
| **Case Name:** | VOLOVSKI, NANCY, EXECUTRIX OF THE ESTATE OF RUTH H v. RIVER RIDGE ASSISTED LIVING Et Al |
| **Type of Transaction:** | Pleading/Motion/Other |
| **Date Filed:** | Mar-21-2014 |
| **Motion/Pleading by:** | MORRISON MAHONEY LLP (404459) |
| **Document Filed:** | 101.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| **Date and Time of Transaction:** | Friday, March 21, 2014 2:28:35 PM |

E-File Another Pleading/Motion/Other on this Case

Return to Civil / Family Menu        Return to Case Detail

Copyright © 2014, State of Connecticut Judicial Branch